Filed 3/28/24  P. v. Orona CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>CARLOS ORONA,<br><br>Defendant and Appellant. | F086414<br><br>(Super. Ct. No. F21909624)<br><br>**OPINION** |

## THE COURT*

APPEAL from a judgment of the Superior Court of Fresno County.  David Andrew Gottlieb, Judge.

William D. Farber, under appointment by the Court of Appeal, for Defendant and Appellant.

Office of the State Attorney General, Sacramento, California, for Plaintiff and Respondent.

-ooOoo-

---

\*        Before Poochigian, Acting P. J., Franson, J. and Meehan, J.

Appellate counsel for defendant Carlos Orona has filed an opening brief summarizing the pertinent facts and raising no issues but asking this court to review the record independently. (*People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).) The opening brief also includes a declaration from appellate counsel stating defendant was advised of his right to file a brief of his own with this court. By letter dated December 22, 2023, we also invited defendant to submit additional briefing. Defendant did not file a response.

Pursuant to *Wende*, *supra*, 25 Cal.3d 436 and *People v. Kelly* (2006) 40 Cal.4th 106, we have reviewed the entire record. Following our Supreme Court's direction in *Kelly*, we provide a brief description of the facts and the procedural history of the case. (*Kelly*, at p. 110.) Finding no arguable error that would result in a disposition more favorable to defendant, we affirm.

## PROCEDURAL SUMMARY

On December 27, 2021, a felony complaint was filed charging defendant with resisting executive officers executing their duty (Pen. Code,[1] § 69, a felony; count 1), making criminal threats (§ 422, a felony; count 2), battery upon a peace officer (§ 243, subd. (b), a misdemeanor; count 3), and public intoxication (§ 647, subd. (f), a misdemeanor; count 4). The day after the complaint was filed, defendant pled not guilty to all four charges brought against him.

On February 7, 2023, before a preliminary hearing was held, defendant signed a "Felony Advisement, Waiver of Rights, and Plea Form." The form indicated defendant was now withdrawing his not guilty pleas and was instead pleading no contest to count 1, alleging a violation of section 69. The form further indicated that in exchange for his no contest plea, the remaining counts would be dismissed. A notification of defendant's military veteran status was also filed at this time. The trial court accepted the change of

---

[1]     All further statutory references are to the Penal Code.

2.

plea and found it was made "knowingly, intelligently and voluntarily and that the plea is supported by a factual basis." The prosecution and defense counsel also stipulated to there being a factual basis for the plea pursuant to *People v. West* (1970) 3 Cal.3d 595.

On March 23, 2023, the trial court referred defendant to a Veterans Administration (VA) treatment program. On April 26, 2023, defendant expressed his desire to obtain services directly from the VA rather than participate in the Veterans Treatment Court. The trial court then suspended imposition of sentence and granted defendant formal probation for two years, conditioned on various terms and conditions. After also imposing various fines and fees, the court then awarded defendant 32 days of actual credit and 32 days of local conduct credit for a total of 64 days of presentence custody credit.

On June 9, 2023, defendant filed a notice of appeal. No certificate of probable cause was issued by the court.

## FACTUAL SUMMARY

The summary of facts relevant to count 1 is taken from the probation report submitted to the trial court at the time of sentencing. On December 22, 2021, a report was made to law enforcement that an intoxicated male was harassing and screaming at female customers in a grocery store. The responding police officer encountered the suspect who was later identified as being defendant. Upon his arrest for public intoxication, defendant became uncooperative when the officer attempted to place him in a patrol car. Defendant refused to comply with the officer's commands and physically prevented the officer from putting him in the patrol car. This behavior continued even after other officers arrived to assist. When he was finally placed in the patrol car, defendant kicked one of the officers in the face. Defendant continued to be uncooperative and hostile at the county jail, making multiple threats to the arresting officer including a threat to stab him in the neck. Defendant also refused to cooperate with the jail medical staff.

3.

## DISCUSSION

Having carefully reviewed the entire record, we conclude there is no arguable issue to consider on appeal.  (*Wende*, *supra*, 25 Cal.3d at pp. 441–443.)

## DISPOSITION

The judgment is affirmed.